# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1998



FILED

September 14, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

CHAD DOUGLAS POOLE,   )    C.C.A. NO. 02C01-9803-CC-00097
  )
Appellant,   )
  )
  )    HARDEMAN COUNTY
VS.   )
  )    HON. JON KERRY BLACKWOOD
STATE OF TENNESSEE,   )    JUDGE
  )
Appellee.   )    (Post-Conviction)

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF HARDEMAN COUNTY

FOR THE APPELLANT:      FOR THE APPELLEE:

CHAD DOUGLAS POOLE      JOHN KNOX WALKUP
Pro Se      Attorney General and Reporter
P.O. Box 1000
Henning, TN 38041-1000      DOUGLAS D. HIMES
     Assistant Attorney General
     425 5th Avenue North
     Nashville, TN 37243

     ELIZABETH RICE
     District Attorney General

     JERRY NORWOOD
     Assistant District Attorney
     302 Market Street
     Somerville, TN 38068

OPINION FILED _____

REVERSED AND REMANDED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant appeals as of right from the trial court's summary dismissal of his pro se petition for post-conviction relief. The trial judge dismissed the petition without appointing counsel and without conducting an evidentiary hearing. We believe the Defendant was entitled to an evidentiary hearing to give him the opportunity to prove his allegations that he did not knowingly and voluntarily enter his guilty plea and that he did not understand his right against self-incrimination. We therefore reverse the judgment of the trial court and remand this case for further proceedings.

The Defendant was convicted, upon his pleas of guilty, of Class E felony theft, two counts of burglary, especially aggravated burglary, and especially aggravated robbery. The Defendant appealed from the effective twenty-one year sentence imposed by the trial court, and this Court modified the sentence to nineteen years. State v. Chad Douglas Poole, C.C.A. No. 02C01-9506-CC-00178, Hardeman County (Tenn. Crim. App., Jackson, Jan. 31, 1996). Our decision was affirmed by the Tennessee Supreme Court. State v. Poole, 945 S.W.2d 93 (Tenn. 1997).

On February 6, 1998, the Defendant filed a petition for post-conviction relief. The pro se petition alleged generally that his pleas were not knowingly and voluntarily entered and that he did not understand, nor did the judge properly explain to him, his right against self-incrimination. He also alleged that his sentence was illegal. On February 25, 1998, the trial judge entered an order

dismissing the petition for failure to assert a colorable claim because the transcript from the guilty plea proceeding indicated that the Defendant was advised of his right against self-incrimination. The court further concluded that the twenty-one year sentence as modified to nineteen years was not an illegal sentence. The court also concluded that the petition did not state a claim for which relief "need be granted."

We must respectfully disagree with the conclusion of the trial court that this petition does not state a colorable claim for post-conviction relief. Although not artfully drawn, the petition alleges that the guilty pleas were entered without the Defendant's consent and without an understanding of the "plea nature and consequences"; that the Defendant did not have knowledge of his "right against self incrimination"; that the Defendant was not "fully and adequately informed of his right not to be compelled to incriminate himself"; and that if the Defendant had known of his right against self-incrimination, he would not have pleaded guilty but would have proceeded to trial. Although the petition does not allege ineffective assistance of counsel, it clearly alleges that his guilty plea was not knowingly and voluntarily entered.

The transcript of the Defendant's guilty plea proceeding is included in the record. The only exchange between the trial judge and the Defendant concerning the Defendant's right not to be compelled to incriminate himself is as follows: ?[The Court]: And that you could not be compelled to incriminate yourself, unless you choose to do so? Both of you understand that?
[Both Defendants]: Yes, sir."

The Post-Conviction Procedure Act provides that if "the facts alleged [in the petition], taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed." Tenn. Code Ann. § 40-30-206(f). The Act also provides that a "bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Id. § 40-30-206(d). In addition, "[f]ailure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition," except that if the petition was filed pro se, the judge may enter an order stating that the petitioner must amend the petition within fifteen days or the petition will be dismissed. Id.

We believe the Defendant should have been given an evidentiary hearing so that he would have the opportunity to try to prove his allegation that his guilty plea was not voluntarily, understandingly, and knowingly entered. We readily acknowledge that the Defendant may have a difficult time proving his allegations by clear and convincing evidence, as the Act requires him to do. However, his post-conviction relief petition was filed in a timely fashion without the assistance of counsel and the Act contemplates the filing of only one petition. Based on the allegations of his petition, we believe the Post-Conviction Procedure Act gives him the opportunity to be heard.

The judgment of the trial court dismissing the post-conviction petition is reversed and this case is remanded for further proceedings.

-4-

_____
DAVID H. WELLES, JUDGE


CONCUR:



_____
JERRY L. SMITH, JUDGE


_____
JOHN K. BYERS, SENIOR JUDGE